IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON LEWIS and MARIAH SANDERS, | ) ) ) | |
| | ) | Case No.: |
| Plaintiffs, | ) ) | |
| v. | ) ) | Complaint for Civil Rights Violations |
| | ) | |
| Calumet City Police Officers R. Reddington, Star No. 179, A. Dimitroff, Star No. 243, M. Giglio, Star No. 251, Zivkovich, Star No. 213, A. Martinez, Star No. 264, J. Muaref, Star No. 261, T. Stipanich, Star No. 149, A. Mitchell, Star No. 216, D. Hatchett, Star No. 228, C. Bunton, Star No. 266, K. Kolosh, Star No. 183, C. Erickson, Star No. 199, C. Lucius, Star No. 208, G. Jones, Star No. 154, A. Zieminski, Star No. 190, K. Bland, Star No. 234, M. Growe, Star No. 159, J. Flores, Star No. 256, P. Piry, Star No. 254, J. Henderson, Star No. 238, G. Oliva, Star No. 204, J. Siatta, Star No. 265, W. Gavin, Star No. 160, W. Siems, Star No. 143, D. Iwaszko, Star No. 181, Detective Coffey, Star No. 211, and Sergeant Kwiatkowski, Star No. 201, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

1

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Shannon Lewis ("Lewis") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Plaintiff Mariah Sanders ("Sanders") was and is a citizen of the United States, and was within the jurisdiction of this court.

5. At all times herein mentioned, Defendant Calumet City Police Officers R. Reddington, A. Dimitroff, M. Giglio, Zivkovich, A. Martinez, J. Muaref, T. Stipanich, A. Mitchell, D. Hatchett, C. Bunton, K. Kolosh, C. Erickson, C. Lucius, G. Jones, A. Zieminski, K. Bland, M. Growe, J. Flores, P. Piry, J. Henderson, G. Oliva, J. Siatta, W. Gavin, W. Siems, D. Iwaszko, Detective Coffey, and Sergeant Kwiatkowski (hereinafter "Defendants") were employed by the Calumet City Police Department and were acting under color of state law and as the employee, agent, or representative of the Calumet City Police Department. These Defendant are being sued in their individual capacity.

## FACTUAL ALLEGATIONS

6. On July 22, 2019 in or around 2 o'clock in the afternoon, Plaintiffs were lawfully located in the front lawn of their residence, 522 Douglas Avenue, Calumet City, Illinois 60409.

7. On that date and time, an altercation broke out in which Darnell Jones, an acquaintance of Plaintiff Lewis, attacked him.

8. At one point in the altercation Darnell Jones brandished a metal pole and attempted to strike Plaintiff Lewis.

2

9. At this point, an unknown older male black individual became involved in the altercation and attempted to help Plaintiff Lewis.

10. In or around the time that the unknown older male black individual became involved in the altercation, Defendant Officers arrived on scene.

11. After Defendant Officers arrived at the scene, Defendant Officers observed the older male black individual stab Darnell Jones and run off into a field.

12. In the course of interviewing witnesses, Defendants knew that it was further corroborated that the unknown older male black individual ran off into the field after the stabbing.

13. Upon information and belief, Defendants had video that recorded the end of the fight and that shows that the unknown older black male suspect in the stabbing ran into the field.

14. At all relevant times, Defendants were aware that the suspect of the stabbing, the older black male, had retreated into the field and not into Plaintiffs' residence.

15. At the scene, Plaintiff Sanders told the Defendants that no one was in Plaintiffs' home. In response, Defendants threatened Sanders and told her that if she did not consent to a search of her residence, she would be arrested.

16. When Plaintiff Sanders refused to consent to the search of her residence she was arrested. Plaintiff Sanders was forced to leave her scared minor children with family, and Plaintiff Sanders was brought to the Calumet City Police Department

17. There was no legal or probable cause to seize, detain and/or arrest Plaintiff Sanders for any crime.

18. At the police station, Defendants continued to threaten Plaintiff Sanders that she would be charged with a crime unless she consented to the search of her residence. Plaintiff Sanders

3

never gave her consent to search Plaintiffs' residence and as a result she remained in Calumet City Police custody for several hours.

19. On the date of the incident, Defendant Giglio fraudulently obtained a search warrant to search Plaintiffs' residence by providing false information in his complaint for search warrant including but not limited to the fact that Defendant Officers "saw" the unknown male black invidividual walking into Plaintiffs' residence.

20. Plaintiffs never consented to the entry or search of their residence.

21. There was no legal cause to enter and/or search Plaintiffs' residence other than the search warrant.

22. The stated purpose of the search warrant was to obtain evidence of aggravated battery.

23. Upon information and belief, the aggravated battery Defendants were seeking evidence of was the stabbing by the unknown male black suspect.

24. After a lengthy search of Plaintiffs' residence, Defendants failed to find **any** individual in the home or any evidence of aggravated battery.

25. During the course of executing the search warrant Defendants unreasonably and unnecessarily caused significant property damage to Plaintiffs' residence.

26. During the execution of the search, Defendants located and illegally seized several electronic devices from Plaintiffs' residence including multiple televisions and an Xbox.

27. The Defendants failed to inventory any of the property they seized from Plaintiffs' residence, thus stealing property.

28. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

29. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30. By reason of the above-described acts and omissions of Defendants Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiffs against Defendants for Unreasonable Search**

31. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) as though fully set forth at this place.

32. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' home was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs' rights in the following manner: (1) Causing excessive and unnecessary property damage to Plaintiffs' home; and (2) The removal of property including multiple electronic devices that were not inventoried or returned to Plaintiffs. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiffs Against Defendant Giglio
### for Unreasonable Procurement of a Search Warrant

34. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) as though fully set forth at this place.

35. Plaintiffs are informed and believe that Defendant Giglio procured a search warrant identifying Plaintiffs' home as the premises to be searched.

36. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

   a. It contained information that Defendant Giglio knew to be false; and

   b. Defendant Giglio failed to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information.

37. No reasonably well-trained police officer in the position of Defendant Giglio would have applied for the search warrant obtained by Giglio, and it was done intentionally or with reckless disregard for the rights of Plaintiffs.

38. As a result of Defendant Giglio's unreasonable procurement of the search warrant Plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

39. The procurement of the search warrant was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiffs' Fourth Amendment rights under the U.S. Constitution. Therefore, Defendant Giglio, in his individual capacity is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Sanders against Defendants for Unreasonable Seizure

40. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) as though fully set forth at this place.

41. By reason of the conduct of Defendants and each of them, Plaintiff Sanders was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

42. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff Sander's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff Sander's rights in the following manner: the detention, seizure, and arrest of Plaintiff by Defendants and each of them, was without any legal cause.

43. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiff Sander's Fourth Amendment rights under the U.S. Constitution. Therefore, Defendants, in their individual capacity are liable to Plaintiff Sanders pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, LTD., request judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6.       That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:    s/ Jaclyn N. Diaz

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:    s/ Jaclyn N. Diaz

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com